IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Julian E. Rochester,                )<br>                                                    )<br>                    Plaintiff,        )<br>                                                    )<br>v.                                                ) <br>                                                    )<br>Georgia Pacific Paper Corp., Papermate )<br>Paper Corp., Marlboro Hospital, SCDC,  )<br>Asbestos Super Fund,                  )<br>                                                    )<br>                    Defendants.      )<br>_____) | Civil Action No. 8:11-cv-01782-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court on Plaintiff Julian E. Rochester's ("Plaintiff") Motion to Vacate, Set Aside, and Reopen Void Judgments (ECF No. 22) and Motion to Compel Court to Act and Set Aside Judgment (ECF No. 24). Plaintiff seeks to reopen four cases, the judgments for which he deems as void. In addition to the instant case, dismissed on July 28, 2011, in the district court (ECF No. 11, 13), and appeal dismissed by the United States Court of Appeals for the Fourth Circuit on August 16, 2013 (ECF No. 21), Plaintiff seeks to reopen *Rochester v. McKie* (Case No. 8:11-cv-00797-RBH), dismissed July 8, 2011, appeal dismissed on June 11, 2012; *Rochester v. Bull Street Hospital* (Case No. 8:11-cv-02180-RBH), dismissed August 23, 2011, appeal dismissed on February 5, 2013; and *Rochester v. Harcuff* (Case No. 8:11-cv-02340-RBH), dismissed September 13, 2011, appeal dismissed February 6, 2013. Plaintiff seeks to "void all orders" and have cases transferred to a judge who is not listed as a defendant in any of his several cases. (ECF No. 22 at 5.) For the reasons set forth herein, the court **DENIES** Plaintiff's Motion to Vacate, Set Aside, and Reopen Void Judgments (ECF No. 22) and Motion to Compel Court to Act and Set Aside Judgment (ECF No. 24).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is incarcerated at Broad River Correctional Institution within the South Carolina Department of Corrections. (ECF No. 22 at 1.) Due to the numerous frivolous cases Plaintiff has filed, he is under an Order of Pre-Filing Review that was filed January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester,* Misc. No. 2:95-MC-131, by then-District Judge William B. Traxler, Jr. *See Graham v. Riddle,* 554 F.2d 133, 134-135, n.* (4th Cir. 1977). District Judge R. Bryan Harwell modified the Order on July 10, 2012, in the matter entitled *Rochester v. Laubshire,* Civil Action No. 6:12-cv-00236-RBH. The modification requires Plaintiff to pay the full statutory filing fee in any civil actions he files or else have the action dismissed without prejudice and without issuance and service of process. Civil Action No. 6:12-cv-00236-RBH, ECF No. 21 at 8.

## II. ANALYSIS

Court records[1] indicate that Plaintiff has not paid the filing fee for this case or any of the additional three cases listed in the captions of these motions. As such, he has not met the requirement of the Order of Pre-Filing Review as modified on July 10, 2012. Plaintiff has not demonstrated he intends or is able to pay the required filing fees. Thus, although these motions are not themselves actions that can be dismissed under the Order of Pre-Filing Review, to grant them would be futile because the actions Plaintiff seeks to reopen would be subject to dismissal a second time under the Order of Pre-Filing Review.

In regard to Plaintiff's request to transfer his cases to a judge who has not been named as a defendant in one of his many actions, Plaintiff's request is denied. "A plaintiff may not file

---

[1] The court may take judicial notice of its own files and records. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1246, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *see also Aloe Creme Lab., Inc. v. Francine Co.,* 425 F.2d 1296, 1296 (5th Cir. 1970).

frivolous actions against a judge and then base a motion for disqualification on those actions." *Mellow v. Sacramento County,* 2008 WL 2169447 (E.D. Cal. May 23, 2008). As Judge Harwell noted in a text order dismissing another of Plaintiff's cases, "[i]t appears that Mr. Rochester, who has named nearly every judge in this district as a party in his various cases, is doing nothing more than attempting to add judges as parties in order to push for judicial recusal and extend the life span of his cases." Civil Action No. 6:14-cv-03454-RBH, ECF No. 10 (September 23, 2014).

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the record in this case, it is ordered that Plaintiff's Motion to Vacate, Set Aside, and Reopen Void Judgments (ECF No. 22) and Motion to Compel Court to Act and Set Aside Judgment (ECF No. 24) are **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 15, 2014
Columbia, South Carolina

3